UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
AIDA BARBOSA,

              Plaintiff,

-against-

CONTINUUM HEALTH PARTNERS, INC.
BETH ISRAEL MEDICAL CENTER, and
JACOB PERLOW HOSPICE CORPORATION

              Defendants.
------------------------------------X

CIVIL ACTION NO.

**09 CIV 6572**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

[RECEIVED JUL 24 2009 U.S.D.C. S.D. N.Y. stamp]

[JUDGE SCHEINDLIN]

Plaintiff, AIDA BARBOSA, by her attorney Raymond Barbosa, Esq., complaining of the defendant, alleges as follows, upon information and belief:

## I
## JURISDICTION AND VENUE

1.     This action is brought to remedy discrimination on the basis of race, and age in violation of Title VII of the 1964 Civil Rights Act, as amended, the Age Discrimination in Employment Act, 42 U.S.C. §2000 et seq., 42 U.S.C. §1981, 42 U.S.C. §1985, and the First and Fourteenth Amendment to the United States Constitution. Jurisdiction is based on 42 U.S.C. §2000e-5(f)(3), 28 U.S.C. §§1331 and 1343(3)(4).

2.     Supplemental jurisdiction pursuant to 28 U.S.C. §1367 is sought to remedy discrimination on the basis of race, and age and in harassment and retaliation for the exercise of rights in violation of New York Executive Law, §290 et seq, and New York City Administrative Code, §§8-101, et seq.

3.     Injunctive and declaratory relief, damages, attorneys fees and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e-5(g) and (k), 42 U.S.C.

§1981A, 42 U.S.C. §1988, the First and Fourteenth Amendment to the United States

Constitution, New York State Executive Law, §297(9), and New York City Administrative Code, §8-502.

4. As many of the unlawful practices complained of herein occurred within the Southern District, venue is proper in this District pursuant to 42 U.S.C. §2000e-5(f)(3) and 29 U.S.C. §1391(b).

II
DETERMINATION BY THE U.S. EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION

5. The United States Equal Employment Opportunity Commission determined that "The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge." This does not certify that the respondent is in compliance with the statutes. Enclosed please find the determination of the United States Equal Employment Opportunity Commission as Exhibit "A".

III
PARTIES

6. Plaintiff was employed as a Billing Supervisor by the defendants CONTINUUM HEALTH PARTNERS, INC., BETH ISRAEL MEDICAL CENTER and the JACOB PERLOW HOSPICE d/b/a CONTINUUM HOSPICE CARE. CONTINUUM HEALTH PARTNERS, INC is located at 555 West 57th Street, 18th Floor, New York, NY 10019. BETH ISRAEL MEDICAL CENTER AND the JACOB PERLOW HOSPICE are located at located at First Avenue at 16th Street, County of New York, State of New York. Plaintiff had also worked for the defendants in various positions from 1990 to December 1, 2008 prior to her unlawful termination. In total, Plaintiff had worked for the

defendant for approximately 18 years prior to her discharge.

7. Plaintiff AIDA BARBOSA was and still is at all times hereinafter mentioned a resident of the State of New York, County of New York.

8. At all times herein mentioned, Defendant CONTINUUM HEALTH PARTNERS, INC. was and still is a domestic corporation organized and existing under the laws of the State of New York.

9. At all times hereinafter mentioned, defendant CONTINUUM HEALTH PARTNERS, INC. was and still is a foreign corporation licensed to do business in the State of New York.

10. At all times hereinafter mentioned, defendant CONTINUUM HEALTH PARTNERS, INC. was and still is a business partnership licensed to do business in the State of New York.

11. At all times hereinafter mentioned, defendant BETH ISRAEL MEDICAL CENTER was and still is a domestic corporation organized and existing under the laws of the State of New York.

12. At all times hereinafter mentioned, defendant BETH ISRAEL MEDICAL CENTER was and still is a foreign corporation licensed to do business in the State of New York.

13. At all times hereinafter mentioned, defendant BETH ISRAEL MEDICAL CENTER was and still is a business partnership licensed to do business in the State of New York.

14. At all times hereinafter mentioned, defendant BETH ISRAEL MEDICAL CENTER was and still is a hospital located at First Avenue and 16th Street, County of

New York, State of New York that is the subject of this lawsuit.

15. At all times hereinafter mentioned, defendant BETH ISRAEL MEDICAL CENTER had a principal place of business at First Avenue at 16th Street, County of New York, State of New York.

16. At all times hereinafter mentioned, defendant CONTINUUM HEALTH PARTNERS, INC., since November 25, 1996, became the parent company of defendant BETH ISRAEL MEDICAL CENTER.

17. At all relevant times, plaintiff had been an employee of defendant BETH ISRAEL MEDICAL CENTER at all times and an employee of defendant CONTINUUM HEALTH PARTNERS, INC. since November 25, 1996 prior to her wrongful termination.

18. At all times hereinafter mentioned, defendant JACOB PERLOW HOSPICE CORPORATION was and still is a domestic corporation organized and existing under the laws of the State of New York.

19. At all times hereinafter mentioned, defendant JACOB PERLOW HOSPICE CORPORATION was and still is a foreign corporation licensed to do business in the State of New York.

20. At all times hereinafter mentioned, defendant JACOB PERLOW HOSPICE CORPORATION was and still is a business partnership licensed to do business in the State of New York.

21. At all times hereinafter mentioned, defendant JACOB PERLOW HOSPICE CORPORATION was and still is a hospice care[!] located at First Avenue and 16th Street, County of New York, State of New York that is the subject of this lawsuit.

IV
FACTUAL ALLEGATIONS COMMON TO
ALL CAUSES OF ACTION:

27. Plaintiff, who is a fifty-six year old Hispanic woman, had worked at Jacob Perlow Hospice Corporation d/b/a Continuum Hospice Care and Beth Israel Medical Center- (Hospice Division) owned, operated, managed, maintained, and controlled by the

26. The employees of Defendants CONTINUUM HEALTH PARTNERS, INC., JACOB PERLOW HOSPICE CORPORATION and BETH ISRAEL MEDICAL CENTER hereinafter referred to in this complaint were supervisors of plaintiff and at all relevant times acted vicariously on behalf of the employer. None of these supervisors are Hispanic.

25. Defendants CONTINUUM HEALTH PARTNERS, INC, JACOB PERLOW HOSPICE CORPORATION and BETH ISRAEL MEDICAL CENTER are employers within the meaning of Title VII, 42 U.S.C. §2000(e)(b), the Human Rights Law §292(5) and the Administrative Code §8-102(5).

24. At all relevant times, plaintiff had been an employee of defendant JACOB PERLOW HOSPICE CORPORATION and BETH ISRAEL MEDICAL CENTER at all times and an employee of defendant CONTINUUM HEALTH PARTNERS, INC. since November 25, 1996 prior to her wrongful termination.

23. At all times hereinafter mentioned, defendant JACOB PERLOW HOSPICE CORPORATION was established by BETH ISRAEL MEDICAL in 1988.

29. At all times hereinafter mentioned, defendant JACOB PERLOW HOSPICE CARE CORPORATION had a principal place of business at First Avenue at 16th Street, County of New York, State of New York.

defendants CONTINUUM HEALTH PARTNERS, INC. for approximately eighteen years. Her last position was Billing Supervisor to which she was promoted July 1, 2007.

28. Prior to Plaintiff's wrongful termination, she had performed her work duties admirably. Carolyn Cassin, the former President and CEO of Continuum Hospice Care in a January 2008 affidavit stated that the Plaintiff had a stellar record during her tenure and as a result was promoted.

29. On or about June 25, 2007, Plaintiff was informed by Ms. Allison Maughn, Vice President Finance, that Plaintiff was being promoted to Billing Supervisor. Ms. Maughn informed Plaintiff that she would be given a raise of $3,000 to take on this responsibility. Plaintiff indicated to Ms. Maughn that she was also to get a 3% cost of living adjustment on July 1, 2007. Ms. Maughn assured Plaintiff that this would also be given this adjustment.

30. On or about July 31, 2007, Plaintiff spoke to Ms. Maughn about the cost of living adjustment. Ms. Maughn indicated that Ms. Carol Lowe, Vice President Human Resources - Hospice, was working on it.

31. On or about August 6, 2007, Plaintiff spoke to Ms. Lowe about the cost of living adjustment. Ms. Lowe indicated that she did not know anything about the cost of living adjustment but would check with Ms. Maughn.

32. On or about August 4, 2008, Plaintiff met with Ana Morelli, and Charlotte Smith, Finance Director. Plaintiff was informed that there was incentive being given by Beth Israel Medical Center. That Plaintiff's evaluation was done and given to BIMC in June 2008. Based on the evaluation Plaintiff would be given a raise. Charlotte Smith had written up the evaluation since Ana was new and was not aware of Plaintiff's

responsibilities. Evaluation was to be reviewed by Plaintiff for comments but no change to raise was planned since it had already been given to defendant's Human Resource department June 30, 2008.

33. On or about August 13, 2008, Plaintiff met with Ana Morelli and Charlotte Smith regarding Plaintiff's evaluation. Ms Smith read the comments provided by Plaintiff and Ms. Smith angrily indicated to Plaintiff that she was not going to change anything in the evaluation. Plaintiff then indicated that she would not sign the evaluation. Ms. Smith yelled at Plaintiff and stated that she would put a comment in Plaintiff's file indicating that she refused to sign evaluation even though Corporate Human Resource guidelines state that employee has right not to sign evaluation.

34. On or about August 13, 2008, spoke to Carol Lowe and Plaintiff told her she was not happy with evaluation; that it was contradictory. Plaintiff indicated to Ms. Lowe that she had her resignation on her desk. Ms. Lowe told Plaintiff to sit down and relax and not to do anything because Plaintiff was upset.

35. On or about August 14, 2008, Plaintiff spoke to Carol Lowe and asked the name and number of the Corporate EEO officer. Ms. Lowe indicated that she was the EEO officer. Plaintiff requested again the name of the Corporate EEO officer but was never provide it by Ms. Lowe. Plaintiff then called Labor and Relations at Corporate and left a message for the EEO Officer to call Plaintiff back regarding her issue. Plaintiff received a call from Corporate Labor and Relations and Plaintiff explained her situation that she was evaluated incorrectly and she was suffering stress and because of that her asthma was kicking in regularly. Corporate Labor and Relations informed Plaintiff to do an intermittence leave of absence this way nothing could happen to Plaintiff. Charlotte

Smith refused to give Plaintiff an intermittence leave of absence.

36.     Plaintiff claims that she was subjected to a hostile work environment and discharged due to her race and age. On or about August 2008, Plaintiff was harassed and threatened by Ms. Charlotte Smith, Finance Manager, during a meeting by Plaintiff to update Ms. Smith on billing collections efforts. Ms. Smith told Plaintiff that she wanted Plaintiff not to follow CMS and National Government Service regulations in invoicing clients and also wanted Plaintiff to train non-Continuum employees. Plaintiff refused to break the guidelines. Ms. Smith became infuriated and told Plaintiff that "she was the boss and whatever she said was going to be done." Plaintiff was then told by Ms. Smith that "She would do anything for Allison Maughn to get the promotion she deserved."

37.     On or about August 2008, Plaintiff was threatened by Ms. Allison Maughn. Plaintiff had a meeting with Charlotte Smith and Allison Maughn and Plaintiff was threatened by Ms. Smith. Ms. Smith indicated to Plaintiff that she could fire Plaintiff for her actions against Ms. Smith. Plaintiff indicated to Ms. Maughn that she felt she was being threatened by Ms. Smith because Plaintiff had inquired about her cost of living adjustment. Ms. Maughn indicated to Ms. Smith that she had no right to talk to Plaintiff in a threatening manner.

38.     On or about April 29, 2008, received resignation letter from Gloria Fernandez, medicare biller effective May 31, 2008. Informed Charlotte Smith that Gloria had resigned.

39.     On or about April 30, 2008, Plaintiff spoke to Ms. Charlotte Smith and was informed by Ms. Smith that she had called Clarissa Cassenetta Pelled to come back to work to

become the Medicare biller. Ms. Smith also indicated that Ms. Cassenetta wanted to come back but only as the lead biller. Charlotte Smith also indicated that she had informed Ms. Cassenetta that Plaintiff was going back to school to get her master's degree and Plaintiff would be leaving in a year and half and that she could have the job at that time. Ms. Cassanetta refused. Ms. Cassanetta was under the age of 40 years and was of Filipino descent. Ms. Cassanetta had been trained by Plaintiff while previously employed by defendants.

40. On November 19, 2008, Ana Morelli informed Plaintiff that Charlotte Smith informed her that Plaintiff did not have to attend a training class.

41. On November 20, 2008, Plaintiff was visited by Ana Morelli an Carole Lowe. Ana Morelli stated she had to talk to Plaintiff. Ms. Morelli stated to Plaintiff that she knew Plaintiff was going to go on vacation on Friday, November 21, 2008. Ms. Morelli told Plaintiff that she was not to come back after her vacation. That she was being terminated effective December 1, 2008. Plaintiff was given a letter by Carol Lowe and asked to clean her desk. Plaintiff was then escorted off the premises.

42. On or about December 1, 2008, defendants hired Clarissa Cassanetta to replace Plaintiff.

43. On or about November 28, 2008, filed a Charge of Discrimination with the EEOC (Exhibit B).

44. As a result of this discharge, Plaintiff lost all her employee benefits; sick time, health benefits, pension, vacation time, seniority, and promotion opportunity. Plaintiff was close to retirement and would have been eligible for a twenty year bonus. Plaintiff also has not received any money from her pension.

45. Defendants CONTINUUM HEALTH PARTNERS, INC., JACOB PERLOW HOSPICE CORPORATION and BETH ISRAEL MEDICAL CENTER was deliberately indifferent to Plaintiff's complaints of harassment. Defendant's continued acquiescence, retaliation, action or inaction amounted to a policy or custom of toleration of race and age discrimination and retaliation.

46. Defendants CONTINUUM HEALTH PARTNERS, INC., JACOB PERLOW HOSPICE CORPORATION and BETH ISRAEL MEDICAL CENTER has failed to effectively train its employees about preventing harassment and race and age discrimination or about investigating or disciplining harassment and race and age discrimination.

47. Defendants CONTINUUM HEALTH PARTNERS, INC., JACOB PERLOW HOSPICE CORPORATION and BETH ISRAEL MEDICAL CENTER's custom or policy of refusing to effectively investigate complaints of harassment and race and age discrimination or to discipline offenders guilty of harassment and race and age discrimination amounted to deliberate indifference on the part of the defendant.

48. Defendants CONTINUUM HEALTH PARTNERS, INC., JACOB PERLOW HOSPICE CORPORATION and BETH ISRAEL MEDICAL CENTER's retaliation of plaintiff is based on race and age and a hostility to equal treatment of female Hispanic employees of advanced age.

49. Defendants CONTINUUM HEALTH PARTNERS, INC., JACOB PERLOW HOSPICE CORPORATION and BETH ISRAEL MEDICAL CENTER's failure to effectively investigate and remedy harassment and race and age discrimination is based on race and age discrimination and causes a chilling of elderly Hispanic employees'

protected rights.

50.    Based on the foregoing, the defendants CONTINUUM HEALTH PARTNERS, INC., JACOB PERLOW HOSPICE CORPORATION and BETH ISRAEL MEDICAL CENTER's pattern or practice of harassment and race and age discrimination to exist which has subjected Plaintiff to an abusive or hostile discriminatory environment based on race and age.

A
FIRST CAUSE OF ACTION

51.    In wrongfully terminating plaintiff, defendants have discriminated against plaintiff on the basis of her race and age and in retaliation for her opposition to discrimination against her on the basis of her race and age, in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act. Defendants intentionally, willfully, and without justification, acted to deprive plaintiff, on the ground of her race and age, of her rights, privileges and immunities, particularly of her right to be free of discrimination on the basis of her race and age in the workplace and her right to oppose and complain of discrimination against herself on the basis of her race and age. Defendants has a duty to provide and ensure a workplace for Plaintiff and other female Hispanic employees of advanced age, free of innuendo on the basis

of race and age, intimidation, discriminatory animus and retaliation, and to enforce the rules, regulations and laws necessary to protect her and other female Hispanic-American employees of advanced age from a hostile or abusive work environment and retaliation for exercising protected rights.

52. The defendants, despite knowledge and adequate opportunity to learn of the misconduct of their agents, subordinates and employees, adopted, approved and ratified these acts, omissions and misconduct.

53. Plaintiff has and will continue to suffer irreparable injury, loss of income, loss of promotion opportunity, loss of pay raises, loss of employee benefits; sick time, health benefits, pension, vacation time, and seniority, psychological trauma, mental anguish and humiliation as a result of defendant's discriminatory practices unless and until this Court grants relief.

## VI
## SECOND CAUSE OF ACTION

54. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "53" of the complaint with the same force and effect as if more fully set forth herein.

55. Defendants have discriminated against plaintiff by terminating plaintiff on the basis of her race and age in retaliation asserting rights protected by the U.S. Constitution in violation of the First and Fourteenth Amendments of the United States

Constitution, 42 U.S.C. §1981, and 42 U.S.C. §1985.

56. Defendants, by their conduct herein alleged, intentionally, willfully and without justification, deprived plaintiff on grounds of her race and age, of her rights, privileges and immunities secured by the Constitution and the laws of the United States, including but not limited to her rights to equal protection of laws provided by the Fourteenth Amendment, and her right to free speech provided by the First Amendment, and in violation of 42 U.S.C. §1981 and 42 U.S.C. §1985.

57. Plaintiff has and will continue to suffer irreparable injury, loss of income, loss of promotion opportunity, loss of pay raises, loss of employee benefits, sick time, health benefits, pension, vacation time, and seniority, psychological trauma, mental anguish and humiliation as a result of defendants' discriminatory practices unless and until this Court grants relief.

VII
THIRD CAUSE OF ACTION

58. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "57" of the complaint with the same force and effect as if more fully set forth herein.

59. In wrongfully terminating plaintiff, defendants have discriminated against plaintiff in the workplace on the basis of her race and age in violation of New York Executive Law, §290, et seq, and New York City Administrative Code, §§8-101 et seq.

60.   Defendants have discriminated against Plaintiff on the basis of her race and age and in retaliation for her opposition and complaint of discrimination directed at her based on her race and age, and intentionally, willfully and without justification, acted to deprive her, on the grounds of her race and age, her rights, privileges and immunities, particularly of her right to be free of harassment based on her race and age, and discrimination in the workplace based on her race and age, and her right to oppose and complain of harassment on the basis of her race and age, and discrimination against herself, based on her race and age. Defendants have a duty to provide and ensure a workplace for Plaintiff and other female Hispanic employees of advanced age free of innuendo, intimidation, discriminatory animus and retaliation, and to enforce the rules, regulations and laws necessary to protect her and other female Hispanic employees of advanced age from a racially hostile or abusive work environment and retaliation for exercising protected rights.

61.   The defendants, despite knowledge and adequate opportunity to learn of the misconduct of the agents, supervisors and employees, adopted, approved and ratified these acts, omissions and misconduct.

62.   Plaintiff has and will continue to suffer irreparable injury, loss of income, loss of promotion opportunity, loss of pay raises, psychological trauma, mental anguish and humiliation as a result of defendants' discriminatory practices unless and until this Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

(a) declaring that the acts and practices complained of herein are in violation of Title VII, the Age Discrimination in Employment Act, the First and Fourteenth Amendments, 42 U.S.C. §1981, 42 U.S.C. § 1985, New York Executive Law and New York City Administrative Code;

(b) enjoining and permanently restraining these violations of Title VII, the Age Discrimination in Employment Act, the First and Fourteenth Amendments, 42 U.S.C. §1981 and 42 U.S.C. §1985, New York Executive Law and New York City Administrative Code;

(c) directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and to not continue to affect plaintiff's employment opportunities;

(d) awarding plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII and 42 U.S.C. §1988;

(e) directing defendants to pay plaintiff compensatory damages and damages for lost income, lost promotional opportunities, loss of pay raises, loss of employee benefits; sick time, health benefits, pension, vacation time, and seniority, psychological trauma, mental anguish and humiliation in the First Cause of Action;

(f) directing defendants to pay plaintiff compensatory damages and damages for lost income, lost promotional opportunities, loss of pay raises, loss of employee benefits; sick time, health benefits, pension, vacation time, and seniority, psychological trauma, mental

anguish and humiliation in the Second Cause of Action;

(g) directing defendant to pay plaintiff compensatory damages and damages for lost income, lost promotional opportunities, loss of pay raises, loss of employee benefits, sick time, health benefits, pension, vacation time and seniority, psychological trauma, mental anguish and humiliation in the Third Cause of Action;

(h) directing defendant to pay punitive damages and granting such other and further relief as this Court deems necessary and proper.

DEMAND FOR A TRIAL BY JURY

Pursuant to 42 U.S.C. §1981A and Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: Chicago, Illinois
July 20, 2009

Yours, etc.

_/s/_

Raymond Barbosa (RB 6801)
Attorney for Plaintiff
AIDA BARBOSA
100 West Monroe Street
Chicago, Illinois 60603
(312) 223-9885

EEOC Form 161 (3/98)   U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Aida Barbosa
2065 1st Avenue
New York, NY 10029

From: Boston Area Office
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 520-2009-00973
EEOC Representative: Feng K. An, Supervisory Investigator
Telephone No.: (617) 565-3192

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state).

- NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

[signature]   APR 21 2009
Rupert L. Sanders,   (Date Mailed)
Area Office Director

cc: CONTINUUM HEALTH PARTNERS
Attn: Mary Hilgeman, Esq.
555 West 57th Street
New York, NY 10019

Raymond Barbosa, Esq.
100 West Monroe Street, Suite 711
Chicago, IL 60603

Enclosure(s)

EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See Privacy act statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ EEOC | 520 2009 01473 |

EEOC

**NAME** (Indicate Mr., Ms., Mrs.)
Ms. Aida Barbosa

**HOME TELEPHONE** (Include area code)
212-410-9462

**STREET ADDRESS       CITY, STATE AND ZIP CODE**
2065 1st Avenue, New York, New York 10029

**DATE OF BIRTH**
04/26/1953

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW.)

**NAME** Continuum Hospice Care   **TELEPHONE** (Include area code) 212-420-2944

**STREET ADDRESS       CITY, STATE AND ZIP CODE**
39 Broadway, Suite 200, New York, NY 1006

COUNTY New York

**NAME** Continuum Health Partners   **TELEPHONE** 877-351-3535

**STREET ADDRESS       CITY, STATE AND ZIP CODE**
39 Broadway, Suite 200, New York, NY 10019

COUNTY New York

**CAUSE OF DISCRIMINATION BASED ON**
harassment, retaliation, age, and race discrimination.

**DATE OF DISCRIMINATION**
earliest 20/08 latest
1/24
☒ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attach extra sheet(s).)

I have been subjected to age and race discrimination by my Employers. I am a 55 year old, hispanic female. In August 2008, I contacted my human resource and corporate human resource department concerning the harassment by Charlotte Smith. The Respondent did not act on these claims. I was retaliated against by being discharged on November 20, 2008 effective December 1, 2008. On or about December 1, 2008, the respondent replaced me with a younger, non-hispanic female, Clarissa Casanetta.

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

NOTARY (When necessary for State and Local Requirements)

SIGNATURE OF COMPLAINANT
[signature: Aida Barbosa]

DATE

EXH/B/T G